UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALAN WAYNE DAVIS,

    Petitioner,

v.                                      Case No. 6:08-cv-1916-Orl-35GJK

SECRETARY, DEPARTMENT OF
  CORRECTIONS, et al.

    Respondents.
_____/

## ORDER

Petitioner filed an amended petition for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 11). Respondents filed a response to the amended petition (Doc. No. 15), requesting that it action be dismissed as a result of Petitioner's failure to exhaust his state court remedies.

Since it appeared that Petitioner was actually challenging the execution of his sentence, the Court entered an Order (Doc. No. 21) requiring the parties to file memoranda of law discussing whether Petitioner was actually seeking relief under section 2241.[1] In response, Petitioner filed a habeas petition seeking relief under section 2241 (Doc. No. 22), and Respondents filed a motion to dismiss (Doc. No. 29), arguing that this action

---

[1] Petitioner specifically alleged in his amended petition that 1) he was "not challenging the judgment of the Court [but rather was] challenging an administrative action by the Florida Department of Corrections," and 2) his constitutional rights had been violated when the Florida Department of Corrections denied him the "restoration of 50% of previously earned gaintime forfeited as a result of petty technical probation violations." (Petitioner's Amended Petition at 1, 5.)

should be dismissed as moot since Petitioner was released from state court custody. The Court entered an Order (Doc. No. 31) allowing Petitioner to file a reply to the motion to dismiss, and he failed to do so.

In both the amended habeas petition and the section 2241 petition, Petitioner argues that the Florida Department of Corrections (the "FDOC") used a "discriminatory scheme" to deny him a percentage of his earned gaintime. He seeks to have the FDOC restore some percentage of the lost gaintime. However, the record reveals that, on May 20, 2009, the state trial court dismissed Petitioner's community control violation proceedings.[2] Pursuant to the dismissal, Petitioner was ordered to be, and was subsequently, released from the FDOC, as he had satisfied his sentence. Thus, Petitioner is no longer in custody or subject to supervision by the State of Florida.

In view of Petitioner's release from custody, the relief he requests (restoration of forfeited gaintime) can no longer be effected. Consequently, no "case or controversy" remains, and the petition is moot and must be dismissed. *See Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (finding that, because petitioner only requested release from custody and had been released, the court could provide no further relief and the petition was properly dismissed.).

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Respondents' Motion to Dismiss (Doc. No. 29, filed May 26, 2009) is **GRANTED**.

---

[2]As a result of Petitioner's appeal of the proceedings involving his most recent community control violation, the state appellate court remanded the case back to the trial court. Upon remand, the trial court dismissed the proceedings.

2. The Amended Petition for Writ of Habeas Corpus filed by Alan Wayne Davis is **DENIED**, and this case is **DISMISSED**.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 16th day of November 2009.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
sa 11/16
Counsel of Record
Alan Wayne Davis